STATE OF NORTH CAROLINA v. JOHN HARVEY PASCHAL

No. 7725SC759

(Filed 7 February 1978)

**Searches and Seizures § 18— officer's threat to impound vehicle—no duress—
search pursuant to defendant's consent**

> Where an officer, upon observing a strong odor of marijuana coming from
> defendant's car and a roach clip, roller papers and a marijuana cigarette in the
> ashtray, had probable cause to search defendant's car, the officer's threat to
> impound the car was a threat to take action fully authorized by law; therefore,
> the officer's threat to impound defendant's car did not constitute duress and
> negate the voluntary character of defendant's consent to search.

APPEAL by defendant from *Snepp, Judge.* Order entered 14
March 1977 in Superior Court, CATAWBA County. Heard in the
Court of Appeals 19 January 1978.

Defendant was indicted for felonious possession of marijuana
and felonious possession with intent to sell and deliver marijuana.
Prior to trial, defendant moved to suppress evidence obtained as
a result of a warrantless search.

At the hearing on the motion to suppress, evidence for the
State tended to show that Officer Charles W. Costner of the
Hickory Police Department stopped defendant for driving with a
burned-out taillight. Upon approaching the vehicle and talking to
the defendant, Officer Costner noticed a strong odor of marijuana
coming from the car. He also observed a roach clip, roller paper
and a portion of what was, in his opinion, a burned marijuana
cigarette. He then asked the defendant to step from the car and
asked the defendant if he could search the vehicle. Officer
Costner informed the defendant that he could refuse to consent to
the search, limit the search, or withdraw his consent to search at
anytime. He also informed the defendant that if he did not con-
sent to a search, that he would impound his vehicle while he went
before the magistrate to obtain a search warrant. Defendant then
gave his consent to search. Before Officer Costner began the
search, the passenger got out and handed the officer a bag con-
taining marijuana and was put under arrest. By this time, a
second officer had arrived at the scene and the passenger was
placed in the other officer's car. Officer Costner repeated his re-
quest to search in the presence of the other officer and also advis-

ed the defendant of his rights. Defendant again consented to the search. Officer Costner told defendant he would have to pat down his person for possible weapons and because he did not want any evidence destroyed. The pat down search resulted in the seizure of a plastic bag containing four tablets. Officer Costner searched the interior and trunk of the stopped vehicle and found a large plastic bag containing 11 smaller plastic bags of marijuana. He then placed defendant under arrest.

Defendant's evidence at the hearing tended to show that he did not have an ashtray in the front section of his car and that the interior light was burned out. His evidence also tended to show that the officer stated that he did not have a search warrant, but he did have a right to impound defendant's car and if defendant refused to consent to the search, that he would hold the car until he obtained a warrant.

The Court found "that the search of the vehicle was made pursuant to permission given by the defendant and that the pat down of defendant's person was reasonable under the circumstances." Defendant's motion to suppress evidence obtained by the search was denied.

Defendant tendered pleas of no contest to the felony charges and was sentenced to 18 months imprisonment. Defendant entered notice of appeal pursuant to G.S. 15A-979(b).

*Attorney General Edmisten, by Special Deputy Attorney General John R. B. Matthis, for the State.*

*J. Bryan Elliott, for the defendant appellant.*

WEBB, Judge.

Defendant by this appeal questions the legality of the search of his automobile and the search of his person. We will not discuss or decide whether the "frisk" search of defendant's person violated any of his rights since the defendant was not charged with illegal possession of the materials found on his person.

The sole question before this Court is whether the consent to search was voluntary or coerced. Defendant does not dispute that "a law enforcement officer may conduct a search and make seizures, without a search warrant or other authorization, if consent to the search is given." G.S. 15A-221(a). Defendant contends,

however, that the consent given was not "freely and intelligently given, without coercion, duress, or fraud . . . ." *State v. Vestal*, 278 N.C. 561, 180 S.E. 2d 755 (1971).

In support of his contention, defendant argues that the threat by Officer Costner to impound his vehicle constituted duress and negated the free and voluntary requirement of a valid consent. We do not believe that a threat to do what the officer had a legal right to do can constitute duress in the setting of this case. "As a general rule, it is not duress to threaten to do what one has a legal right to do. Nor is it duress to threaten to take any measure authorized by law and the circumstances of the case." 25 Am. Jur. 2d, Duress and Undue Influence, § 18, p. 375. The United States Supreme Court has held that impoundment of a vehicle while a law enforcement officer obtains a warrant is a legal alternative to a warrantless search. *Chambers v. Maroney*, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed. 2d 419 (1970), *see also State v. Ratliff*, 281 N.C. 397, 189 S.E. 2d 179 (1972). As stated by the Court in *Chambers v. Maroney, supra:*

"For constitutional purposes, we see no difference between on the one hand seizing and holding a car before presenting the probable cause issue to a magistrate and on the other hand carrying out an immediate search without a warrant. Given probable cause to search, either course is reasonable under the Fourth Amendment."

399 U.S., at 52

Under the facts of this case, Officer Costner had probable cause to search defendant's car after he observed a strong odor of marijuana coming from the car and a roach clip, roller papers and a marijuana cigarette in the ashtray. Since Officer Costner had probable cause to search defendant's car, his threat to impound the car was a threat to take action fully authorized by law. Therefore, we hold that Officer Costner's threat to impound defendant's car did not constitute duress and negate the voluntary character of defendant's consent to search.

Defendant's second contention that the second consent was given only after the passenger in the vehicle had been arrested and a second police officer had arrived on the scene, and was therefore a product of duress does not merit discussion.

We find no error in denying defendant's motion to suppress the evidence obtained by this search.

Affirmed.

Judges BRITT and HEDRICK concur.